**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 05 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRACY GRAY, individually, and on behalf of other members of the general public similarly situated; JAY POST, individually, and on behalf of other members of the general public similarly situated,<br><br>    Plaintiffs - Appellants,<br><br> v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC.; TOYOTA MOTOR NORTH AMERICA, INC.,<br><br>    Defendants - Appellees. | No. 12-55362<br><br>D.C. No. 2:08-cv-01690-PSG-VBK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted August 26, 2013
Pasadena, California

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: GOULD and RAWLINSON, Circuit Judges, and LEMELLE, District Judge.[**]

Appellants Tracy Gray and Jay Post (collectively "Gray") appeal the district court's grant of Appellees Toyota Motor Sales, U.S.A., Inc. and Toyota Motor North America, Inc.'s (collectively "Toyota") Federal Rule of Civil Procedure 12(b)(6) motion dismissing their claims with prejudice. We affirm.

Dismissal for failure to state a claim under Rule 12(b)(6) is reviewed *de novo*. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). Rule 12(b)(6) permits a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 552 (2007). Courts must consider the complaint in its entirety, "accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party". *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). That being said, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A plaintiff has an "obligation to provide the grounds of his entitlement to relief, [and that] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (internal quotations

---

[**] The Honorable Ivan L. R. Lemelle, District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

2

omitted).  Further, dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged."  *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (internal quotation marks omitted).

Gray alleges that Toyota's failure to disclose internal fuel economy data for the Prius Hybrid–which varied from the marketed EPA fuel economy estimates–violated: (1) California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200; (2) California's Consumer Legal Remedies Act (CLRA), Cal. Civ. Code § 1750(a) (5), (7); and (3) California's common law fraudulent concealment laws.

As the district court correctly held, "[b]ecause [Gray] proceed[s] solely on a 'pure-omission' theory of liability, the viability of each of the three causes of action alleged will turn on whether Toyota owed [Gray] a duty of disclosure." *Gray v. Toyota Motor Sales*, No. CV 08-1690, 2012 WL 313703, at *2 (C.D. Cal. Jan. 23, 2012). We therefore turn to California law to determine whether Toyota had a duty to disclose internal fuel economy data that was contrary to EPA estimates.

When analyzing a UCL, CLRA, or fraudulent concealment claim, California law instructs that a manufacturer's duty to consumers is limited to its warranty,

unless a safety issue is present or there has been some affirmative misrepresentation. *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 834-35 (2006); *see also Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980, 988 (N.D. Cal. 2010) (dismissing CLRA claim because claim did not deal with a safety concern and no affirmative misrepresentation was shown on the part of car manufacturer). When applied to the fuel economy context, "[a]s a matter of law, there is nothing false or misleading" about a car manufacturer's advertising that identifies the EPA fuel economy estimates for the car. *Paduano v. Am. Honda Motor Co.*, 169 Cal. App. 4th 1453, 1470 (2009). Thus, no misrepresentation occurs when a manufacturer merely advertises EPA estimates.

Gray is unable to establish that Toyota violated its duty under California law. Gray does not allege that this case is governed by an existing warranty or that any affirmative misrepresentations were made by Toyota. Rather, Gray only claims that Toyota failed to disclose certain information known to it which conflicted with EPA estimates. However, under the statutes pled, California law does not recognize a cause of action for publicizing EPA fuel economy estimates and omitting further explanation. *See Paduano*, 169 Cal. App. 4th at 1470.

Even if California law did allow for suits based on omissions relating to fuel economy, Toyota marketed the Prius with valid EPA fuel economy estimates along

4

with the disclaimer "[a]ctual mileage may vary." This further emphasizes the fact that Toyota's marketing was not unfair, likely to deceive, or fraudulent under California law. *Cf. Davis v. HSBC Bank Nev.,* 691 F.3d 1152, 1169, 1171 (9th Cir. 2012) (affirming dismissal of UCL claim where advertisement included disclaimer "other restrictions may apply").[1]

**AFFIRMED.**

---

[1] Because we conclude that California law does not support any of the claims alleged, we need not engage in a choice of law analysis to determine if California law can be applied to all Class members. *See generally*, *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012).